[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly illegal confinement resulting from a judgment of conviction, after a jury trial, of criminal liability for larceny in the second degree, in violation of General Statutes §§ 53a-8 and 53a-123(a)(3), and reckless endangerment in the first degree, in violation of General Statutes § 53a-63(a). The jury acquitted the Petitioner on the charges of attempted larceny in the second degree and assault in the third degree, General Statutes §§ 53a-49, 53a-123(a)(3) and 53a-61(a)(1).
The petitioner was sentenced to a term of incarceration of ten years, suspended after seven years, with five years probation. A timely appeal was filed and denied, the conviction being affirmed without comment. State v. Allen, 32 Conn. App. 908,cert. denied, ___ Conn. ___ (December 3, 1993).
The petitioner then filed this Writ of Habeas Corpus challenging the legality of his conviction, claiming ineffective assistance of counsel based upon trial counsel's failure to properly investigate and prepare the case; failure to receive an appropriate continuance; failure to adequately cross-examine witnesses; failure to object to claimed prejudicial remarks made by the prosecutor; failure to call favorable witnesses; and failure to object to the jury charge. CT Page 2691
Next, the petitioner claims that his representation was compromised by his public defender being allowed to withdraw after bond was posted on the petitioner's behalf. It is the petitioner's contention that trial counsel's withdrawal, based upon a policy of allowing the Public Defender's Office to withdraw when a defendant posts bond, demonstrates an actual conflict of interest which tainted the entire trial and appellate proceedings.
Finally, the petitioner claims ineffective assistance of appellate counsel; the petitioner's trial attorney was also his appellate lawyer. He asserts that on appeal a continuing conflict existed due to the issue of divided loyalty stemming from trial counsel's original withdrawal of representation. Secondly, the petitioner finds prejudice because his appellate lawyer did not raise the issue of sufficiency of the evidence.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims. Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness. Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms. Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation. Id.
The petitioner offered the testimony of Attorney Louis S. Avitabile, an advocate experienced in the areas of criminal trials and appeals. He testified that, in his opinion, the public defender's withdrawal after the petitioner made bond created a conflict of interest because the public defender divided her loyalties between the petitioner and her employer. He opined further that the public defender's reappointment as trial counsel some months later was a continuation of the conflict, which was compounded further when trial counsel represented the petitioner CT Page 2692 on appeal. To avoid such conflict, Attorney Avitabile testified that a special public defender should have been appointed following the withdrawal.
On cross examination, Attorney Avitabile conceded that no case anywhere has raised the issue of whether a public defender, who has withdrawn because her client made bond and subsequently is reappointed to represent the client, creates an actual conflict of interest and presumption of prejudice circumstance as articulated in Phillips v. Warden, 220 Conn. 112 (1991). Unable to cite any case law in support of his opinion of presumed prejudice, Attorney Avitabile testified that the petitioner was prejudiced by having no representation for the period between his attorney's withdrawal and reappointment. During this approximately ten week timeframe, the petitioner's case was not being investigated or prepared.
Petitioner's expert's opinion on the issue of the public defender's withdrawal and subsequent reappointment is unpersuasive. A conflict requiring this court to presume prejudice lacks merit. The Phillips case is distinguishable and no other case has been offered in support of Attorney Avitabile's opinion.
In order to satisfy the prejudice prong of the Strickland test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Levine v. Manson,195 Conn. 636, 640 (1985). The petitioner has not demonstrated that his having no attorney for two months or more affected the outcome of his trial.
Trial counsel testified as follows: that she had met and discussed the case with the petitioner on seven occasions between her initial appointment and withdrawal; that following her reappointment, she moved for and was granted a continuance to further investigate and prepare for trial; that during that time period she met with the petitioner, visited the scene of the crime with her investigator and her law student intern and sought out witnesses; that prior to trial she filed for and litigated a motion to suppress the petitioner's identification; that the continuance she was granted was adequate for her preparation; and, that she was not prevented from doing anything to defend her client by a lack of time. CT Page 2693
In his petition, the petitioner sets forth eleven claims as to the deficiencies of trial counsel. At the habeas hearing, the petitioner's expert testified concerning each of the allegations, which are stated in count one, paragraph 20 a-k. Attorney Avitabile's testimony did not establish that trial counsel's conduct fell below the standard of a reasonably competent defense attorney in Connecticut, nor did he opine that her performance prejudiced the defense to the extent that the outcome would have been different.
Clearly, the focus of Attorney Avitabile's testimony on behalf of the petitioner focused on two issues about which he offered his professional judgment. First, his opinion that trial counsel placed herself in a conflict of interest position with divided loyalty both at trial and on appeal. That issue has been addressed above and found unpersuasive by this court. Second, petitioner's expert testified that in his opinion, appellate counsel's failure to raise the issue of sufficiency of the evidence constitutes ineffective assistance.
The petitioner contends, through his expert, that there was insufficient evidence of his intent to commit the crime of theft from a person by the petitioner's intentionally aiding the perpetrator. Attorney Avitabile testified, in his opinion, "that there was a close issue on whether or not the element of intent as an aider and abettor to the larceny two had been proven beyond a reasonable doubt . . . that issue should have been raised on appeal."
At trial, the jury was aware that the petitioner and the perpetrator arrived at the crime scene together in the petitioner's truck; that they exited the truck together; that the petitioner bumped into the victim and/or grabbed at her purse; that the perpetrator snatched the victim's necklace and ran; that while the petitioner began driving off in his truck, the victim entered the truck; that the petitioner shoved the victim from his moving truck; and that the perpetrator, thereafter, entered the petitioner's truck which drove off.
 The standard governing our review of sufficiency of evidence claims is well established. We first review the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury. We then decide whether, upon the facts thus established and the CT Page 2694 inferences reasonably drawn therefrom, the trial court or jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. In viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the jury's function is to draw whatever inferences from the evidence or facts established by the evidence it deems reasonable and logical. (internal quotation marks omitted) (citations omitted)
State v. Williams, 231 Conn. 235, 250-251 (1994).
In this case, there was sufficient evidence before the jury to allow it to make reasonable and logical inferences consistent with the petitioner's guilt. Viewing the evidence and reasonable inferences possible, in the light most favorable to sustaining the verdict, this court concludes that the jury could reasonably have found that the cumulative effect of the evidence established the petitioner's guilt beyond a reasonable doubt.
At the habeas hearing, the petitioner offered the testimony of three witnesses who could have offered the jury evidence of his good character. One witness was the petitioner's mother. Another was a family friend who testified that she was unaware of the petitioner's rather extensive prior criminal history. The third witness, the petitioner's former employer, testified that his opinion of the petitioner was positive. None of these witnesses testified at the petitioner's trial because the public defender felt it was better not to open the door to her client's character. She testified that she was able to reach agreement with the prosecutor limiting the evidence of the petitioner's prior criminal history to one unnamed felony. Her strategy, which this court finds reasonable, was to avoid the risk of the jury learning that the petitioner had previously been arrested eleven times for twenty-three different charges, including assaults, robbery, reckless endangerment, weapon in a motor vehicle and larceny.
Of the eleven issues raised by the petitioner in count one, Paragraph 20 a-k, Attorney Avitabile was unable to offer his opinion, favorable or unfavorable, as to four claims, subparagraphs a, b, e and f. These involved matters which were CT Page 2695 unreviewable from the record and particularly within the exclusive knowledge of the petitioner and his attorney. The petitioner's testimony at the habeas trial varied widely from his public defender's recollection. Credibility is for the trier-of-fact to determine.
The court finds the testimony of the petitioner's attorney on these issues to be consistent and believable. Having accepted his attorney's version as to these matters, the court concludes that the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that his lawyer's representation was deficient in the ways alleged in the amended complaint. The petitioner's fundamental rights to due process and a fair hearing were not violated by counsel's actions or omissions.
For the reasons stated herein, the petition is dismissed.
Robert A. Martin, Judge